**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                  No. 4:08CR00017-01 JLH

**GIDGET SANDERS**

**SENTENCING MEMORANDUM**

Comes now the defendant, Gidget Sanders, by and through undersigned counsel, asking for a non-guideline sentence of probation for the following reasons:

Ms. Sanders's has a significant drug problem as demonstrated by her positive drug screens in this Court and her 2003 Indiana cocaine conviction which resulted in one (1) year of probation. However, Ms. Sanders did not successfully complete that year of probation due to positive drug screens as explained in paragraph 24 of the presentence report (hereinafter "PSR"). Her failure to satisfy the conditions of her Indiana probation resulted in a two (2) point increase to her criminal history score as reflected in paragraph 26 of the PSR. Those two (2) points moved Ms. Sanders from a criminal history category I to a category II, overstating her criminal history. Pursuant to guideline §4A1.3(b) a downward departure is appropriate when the criminal history category overstates the seriousness of the defendant's criminal history as it does in Ms. Sander's case.

Not only has Mr. Sanders's drug usage overstated her criminal history, it also was a contributing factor in the instant offense. The day Ms. Sanders phoned in the bomb threat she had been using cocaine and drinking alcohol. These substances clouded her judgment with the result being a bomb threat to her former employer because she was angry for not having received

1

her last paycheck. When Ms. Sanders is not under the influence of drugs and/or alcohol, she is a law abiding citizen, a good employee and a good mother.

Ms. Sanders is finally at the point in her life where she understands, and has decided to really work on her drug addiction. She has successfully completed the in-patient drug program at Recovery Centers of Arkansas (hereinafter "RCA") and has moved to RCA's chem free unit where she will continue to live and participate in drug and alcohol counseling until the RCA counselors and U.S. Probation decide she is ready to return home to her family. Ms. Sanders attends both AA and NA meetings at the chem free facility and at locations outside of the facility. Ms. Sanders is learning how to live alcohol and drug free one day at a time.

Ms. Sanders is now employed at Waffle House. This is an accomplishment in itself because she quit that job last year due to her cocaine usage. It got to the point that Ms. Sanders decided to stay home and use drugs instead of going to work. Ms. Sanders was hired back after explaining to her boss that she is now drug free and wants to work. Her boss was understanding, and Ms. Sanders is working 40 hours a week with the understanding that if she is late or fails to come to work that she will be terminated. It is entirely up to Ms. Sanders whether she keeps her job or not.

Without a doubt Ms. Sanders is learning much needed skills for dealing with her drug addiction and is making significant progress. However, the road to recovery is neither short nor easy. One of the conditions of probation that Ms. Sanders would welcome is to require her to remain in the chem free unit at RCA until such time as RCA, Probation and she believe that she is ready to go home. Even then, Ms. Sanders will need an extended period of follow up outpatient drug and alcohol treatment.

The factors of 18 U.S.C. §3553(a) also support a sentence of probation.  A sentence of probation is sufficient to reflect the seriousness of her offense while at the same time promoting respect for the law and is just punishment.  A bomb threat is a very serious matter, but if Ms. Sanders had not been using drugs and alcohol the calls never would have been made.  The first call was left on an answering machine which demonstrates her impaired mental functioning.  The second call was placed later in the evening and caused only minimal disruption to the business.  Placing Ms. Sanders on probation would not only deter criminal conduct but also protect the public from any future crimes because the Probation Office would continue to drug screen Ms. Sanders to ensure there is not a relapse. When Ms. Sanders is drug and alcohol free, she is a law abiding citizen.  Ms. Sanders can obtain the needed drug and alcohol treatment while on probation.

Ms. Sanders has every reason to stay clean and abide by the conditions of probation including her desire to be a role model to and to raise her 13 year old daughter.  Ms. Sanders is all the immediate family that her daughter has as Ms. Sanders's parents are deceased. Also, a sentence of probation would give Ms. Sanders the opportunity to resolve the outstanding warrant in Indiana.

In many ways a sentence of probation would be harder than prison because if Ms. Sanders fails to abide by the conditions imposed, she could go to prison and not receive any credit for the time she has been on probation.  If this should happen, Ms. Sanders would in all likelihood receive a harsher sentence than if she were to be sentenced to prison now.  This is yet another incentive for Ms. Sanders to make probation work and not come back in front of the Court again.  For any and all of the aforementioned reasons, a sentence of probation is requested.

Respectfully submitted,

JENNIFFER HORAN
FEDERAL DEFENDER

By: /s/ Bruce D. Eddy
    Bruce D. Eddy, Bar No. 92-071
    Assistant Federal Public Defender
    The Victory Building, Suite 490
    1401 W. Capitol Avenue
    Little Rock, AR  72201
    Phone:  (501) 324-6113
    E-mail:  bruce.ddy@fd.org

FOR:   Gidget Sanders

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2008, a true and correct copy of the foregoing Motion was mailed to the defendant, a copy was placed in U.S. Probation's box in the Courthouse addressed to Kimberly Lawson, and was electronically filed with the Court using the CM/ECF filing system with notification being sent to:

Joe Volpe
Assistant United States Attorney
P. O. Box 1229
Little Rock, AR 72203
Joe.Volpe@usdoj.com

/s/ Bruce D. Eddy
Bruce D. Eddy